## Holly Corp. v. Dobell

*Arthur L. Goldberg*, for plaintiff.

*Nauman, Smith, Shissler & Hall*, for defendant.

SOHN, J., September 28, 1959.—An action in assumpsit was commenced by a writ of foreign attachment, served on the garnishee, Edward C. First, Jr., on May 2, 1959. The complaint was filed on May 6, 1959, and was served on the garnishee on May 8, 1959. Within the time permitted by law defendant filed preliminary objections to said complaint which are now before us for decision.

The action arises out of a contract dated April 13, 1956, for the sale by defendant to plaintiff of all of the capital stock of the Preload Company, Inc., a Delaware corporation, and a certain promissory note of the same company. Defendant is alleged to have failed to disclose certain "material contingent liabilities" of the Preload Company, Inc., resulting in damages to plaintiff in the amount of $50,000.

The sheriff's return of the writ reports the attachment of two capital stock certificates representing, in the aggregate, 664 shares of the capital stock of Stressteel Corporation, a Delaware corporation. No other property of defendant was alleged to be in the custody of the garnishee, and the only property attached by the sheriff was these two stock certificates.

In his preliminary objections defendant has alleged that the two stock certificates are in fact registered in the name of the Preload Company, Inc., and are owned solely by that company. These allegations of fact, which are undenied by plaintiff, must be taken as admitted for the purposes of this argument.

The garnishee in his report to the court says that the two stock certificates issued to the Preload Company, Inc., had a power of attorney attached from the Preload Company, Inc., to the garnishee empowering him to transfer said stock to such person as the garnishee might designate. Concerning said stock defendant was party to a certain option agreement, dated April 13, 1956, with Preload, and pursuant to which option defendant on or about April 15, 1959, made tender of the consideration prescribed by the option as a condition precedent to the receipt of the stock from the garnishee. But at the time of said tender the garnishee was under written instructions and orders from the Preload Company, Inc., as the grantor of the option, and Holly Corporation, plaintiff, and party to an agreement with defendant, by the terms

of which the option of April 13, 1956, was sanctioned, not to surrender the said Stressteel stock in the event defendant attempted to exercise the said option. Said Stressteel stock is still in the hands of the garnishee, who refused defendant's tender.

Quite a lot of factual matter is alleged in the brief of the attorney for plaintiff, but we are bound only by the record as it appears herein and are unable to go into the matters alleged by plaintiff in its brief.

Defendant's preliminary objections consist of two separate and unrelated parts. If we sustain defendant's motion to dissolve the attachment, there will be no reason for the court to consider the alternative motion for a more specific complaint, since the service of the complaint depends entirely on a valid and binding attachment. Defendant's appearance for the purpose of the motion to dissolve is limited and specifically restricted to the jurisdictional objection.

In support of defendant's motion to dissolve the attachment, he alleges that the garnishee possesses no property belonging to him. The 664 shares of Stressteel Corporation which have been attached are registered in the name of the Preload Company, Inc., and are owned by that company. The Preload Company, Inc., is not a defendant, yet its property has been attached as being the property of defendant.

Pa. R. C. P. 1252 states in part that:

"A foreign attachment may be issued to attach *property of the defendant* not exempt from execution." (Italics supplied.)

There appears to be little or no law which is exactly on point on the proposition with which we are confronted. In 2 Goodrich-Amram, Procedural Rules Service, §1252-9 and §1252-10, it is said that the interest of defendant in property subject to foreign attachment must be such as *"can be calculated and made certain"* and *"must be unconditional. Even if the*

*condition is within the control of the defendant a foreign attachment cannot compel him to act."* (Italics supplied.)

Plaintiff alleges that under an option agreement dated April 13, 1956, an irrevocable option had already passed to defendant, giving him equitable title to the share certificates involved. It argues that notwithstanding the fact that the registration remained in the name of Preload Company, Inc., a transfer of that stock was possible by virtue of the accompanying power of attorney. In subchapter VI, §181 of the Delaware Corporation Code, subparagraph 2, it is provided:

"Title to a certificate and to the shares represented thereby can be transferred only. . . .

"(2) By delivery of the certificate and a separate document containing a written assignment of the certificate or a power of attorney to sell, assign, or transfer the same or the shares represented thereby, signed by the person appearing by the certificate to be the owner of the shares represented thereby. Such assignment or power of attorney may be either in blank or to a specific person."

However, the garnishee's report clearly shows that he is under written instructions and orders from the Preload Company, Inc., as the grantor of the option, and Holly Corporation, plaintiff, not to surrender the said Stressteel stock in the event plaintiff attempted to exercise the said option. In paragraph 3 of the motion to dissolve the attachment defendant alleges:

"3. The said Garnishee does not have custody of any real or personal property belonging to the Defendant, the said stock certificates being registered in the name of, and being owned solely by, the Preload Company, Inc., a corporation organized and existing under the laws of the State of Delaware."

Thus we have the situation in which defendant denies that he has any personal property belonging to him

in the hands of the garnishee and avers to the contrary that the shares of stock of Stressteel are owned solely by the Preload Company, Inc. We also have the report of the garnishee which in effect states that he has instructions not to deliver the said Stressteel stock to defendant. In 2 Goodrich-Amram, Procedural Rules Service, §1252-10, it is held, quoting cases, that:

"A foreign attachment is ineffective unless the defendant has real or personal property within the Commonwealth when the writ is served. . . . Nor will foreign attachment lie against property of the defendant held by the garnishee *for a particular purpose* and *not subject to the absolute control of the defendant*." (Italics supplied.)

Here we have a disavowal of ownership by defendant as well as pleadings which clearly show that the garnishee holds the property for a particular purpose and that it is not within the absolute control of defendant.

We therefore make the following

### Order

And now, September 28, 1959, defendant's motion to dissolve the writ of foreign attachment is hereby made absolute and said attachment is dissolved.